UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN A. CLARK,

                    Plaintiff,

          -against-

DMV; COMMISSIONER OF OTDA/HRA
SOCIAL SERVICES; COMMISSIONER OF
SSA; U.S. DEPARTMENT OF EDUCATION;
NYCHA,

                    Defendants.

---

22-cv-3086 (JGK)

ORDER OF DISMISSAL

JOHN G. KOELTL, District Judge:

     The plaintiff, Sean A. Clark, who appears pro se, brings

this action asserting claims for violations of his federal

constitutional and statutory rights, as well as claims under New

York State law. The plaintiff appears to be asserting claims

against each of the following defendants: (1) the New York State

Department of Motor Vehicles ("DMV"); (2) the Commissioner of

the New York State Office of Temporary and Disability Assistance

("OTDA"); (3) the Commissioner of the New York City Department

of Social Services ("NYCDSS");[1] (4) the Commissioner of the

Social Security Administration ("SSA"); (5) the United States

Department of Education ("USDOE"); and (6) the New York City

Housing Authority ("NYCHA").[2] The plaintiff paid the fees to

---

[1] The New York City Human Resources Administration ("HRA") is a subdivision of
the NYCDSS.

[2] Because the plaintiff alleges no facts showing the personal involvement of
any of the commissioners named as defendants, the Court understands the
plaintiff's claims against these defendants as raised in the commissioners'

1

bring this action.

For the following reasons, the Court dismisses this action, but grants the plaintiff 30 days' leave to replead his claims against NYCHA in an amended complaint.

## I. BACKGROUND

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees to bring a civil action, if the Court determines that the action is frivolous, see Fitzgerald v. First E. Seventh Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000),[3] or that the Court lacks subject matter jurisdiction, see Fed. R. Civ. P. 12(h)(3); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Leave to amend need not be granted if amendment would be futile. Hill v. Curcione, 657 F.3d 116, 123–24 (2d Cir. 2011). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim . . . ." Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012).

The Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

---

official capacities.

[3] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, emphases, and internal quotation marks in quoted text.

suggest," <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006).

## II. STANDARD

### A.    The Plaintiff's Litigation History

In asserting his claims, the plaintiff refers to many of the federal civil actions that he previously filed in this court. The plaintiff has an extensive litigation history in this court; with the exception of NYCHA, the plaintiff has previously brought actions in this court against the agencies named as defendants in this action, their subdivisions, or against the heads of those agencies or subdivisions. It appears that, in this action, the plaintiff is relitigating claims and/or issues that he previously raised (or could have raised) in those actions, and that the court has previously adjudicated. The doctrine of claim preclusion or issue preclusion prevents the plaintiff from relitigating these claims anew. To demonstrate why the plaintiff cannot proceed with many of his claims, the Court recounts the plaintiff's relevant litigation history before describing the allegations in the present complaint.

### 1.   DMV

On December 14, 2015, the plaintiff, appearing <u>pro se</u>, brought an <u>in forma pauperis</u> ("IFP") action in this court against the Commissioner of the New York City Police Department; he later filed a second amended complaint against, among other

named defendants, the DMV. See Clark v. NYPD (New York Police
Department) Commissioner (DMV I), No. 15-cv-9836 (S.D.N.Y. filed
Dec. 14, 2015), ECF No. 6. The plaintiff stated that his "case
[was] about the inaccurate information that [was] obtained on
[his] current drivers license number." Id. at 3. He asserted
claims under federal law, including claims for constitutional
violations, claims under the Americans with Disabilities Act
("ADA"), as well as claims for libel and defamation. Id. at 2.
By order dated February 10, 2017, Judge Colleen McMahon
dismissed DMV I sua sponte for failure to state a claim on which
relief could be granted pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(ii). DMV I, No. 15-cv-9836, 2017 WL 5508456
(S.D.N.Y. Feb. 10, 2017). As relevant here, Judge McMahon
dismissed the plaintiff's claims against the DMV as barred by
the Eleventh Amendment; his claims regarding his driver license
number as "lack[ing] an arguable basis either in law or in
fact"; and his claims for libel and defamation because there is
no federal cause of action for such claims, and supplemental
jurisdiction over these state-law claims was inappropriate. Id.
at *2-3. The plaintiff appealed. DMV I, No. 15-cv-9836, ECF No.
10. On June 28, 2017, the Second Circuit Court of Appeals
dismissed the appeal as frivolous. DMV I, No. 17-659 (2d Cir.
June 28, 2017).

On September 28, 2020, the plaintiff filed a fee-paid pro

4

se action against the current Commissioner of the DMV, Mark
Schroeder. Clark v. Schroeder (DMV II), No. 20-cv-8000 (S.D.N.Y.
filed Sept. 28, 2020), ECF No. 1. The plaintiff asserted claims
under federal law against Commissioner Schroeder

> pertain[ing] to the leakage of [the plaintiff's]
> drivers license [number] by HRA for Social Services
> . . . on [July 11, 2014,] and by [the SSA] benefit
> entitlement after the [administrative law judge issued
> a] favorable decision on [July 10, 2012,] and also by
> [the USDOE which] falsified [an] amount of $14,399.29
> and [the] Student Loan Finance Corporation [which]
> falsified [an] amount of $7,120.22.

Id. at 5. By order dated October 20, 2020, Judge Vernon S.
Broderick directed the plaintiff to show cause why DMV II should
not be dismissed as barred by the Eleventh Amendment. DMV II,
No. 20-cv-8000, ECF No. 5. After the plaintiff responded to the
order to show cause, Judge Broderick dismissed DMV II sua sponte
as frivolous. DMV II, No. 20-cv-8000, 2020 WL 6525467 (S.D.N.Y.
Nov. 5, 2020). On May 14, 2021, the Second Circuit Court of
Appeals affirmed the dismissal. DMV II, 847 F. App'x 92 (2d Cir.
2021) (summary order), cert. denied, 142 S. Ct. 341 (2021).

### 2.   HRA

On August 15, 2013, the plaintiff, appearing pro se and
proceeding IFP, brought an action against the HRA and then-HRA
Commissioner Robert Doar. Clark v. Human Res. Admin. (HRA I),
No. 13-cv-5757 (S.D.N.Y. filed Aug. 15, 2013), ECF No. 2. In his
HRA I complaint, the plaintiff asserted claims under federal law

arising from the 2013 denial of his application for public benefits, including "food stamps." Id. at 3. Almost one month later, on September 11, 2013, the plaintiff filed another pro se action IFP against then-HRA Commissioner Doar. Clark v. Doar (HRA II), No. 13-cv-6460 (S.D.N.Y. filed Sept. 11, 2013), ECF No. 2. In his HRA II complaint, the plaintiff asserted claims relating to the amount of public benefits he had received. Id. at 3. By order dated September 30, 2013, Judge Loretta A. Preska consolidated HRA I and HRA II, and dismissed the actions sua sponte for failure to state a claim on which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). HRA I, No. 13-cv-5757, ECF No. 4; HRA II, No. 13-cv-6460, ECF No. 4. Judge Preska dismissed the plaintiff's procedural due process claims under 42 U.S.C § 1983 because the plaintiff did not allege that he had taken advantage of all the available state remedies or show that those remedies were inadequate or inappropriate, and she dismissed the plaintiff's claims under Title II of the ADA because he did not allege facts showing that he had been discriminated against because of his disability. Id. The plaintiff appealed, and on January 23, 2014, the Second Circuit Court of Appeals dismissed the appeal as frivolous. Clark v.

Human Res. Admin., Nos. 13-3882, 13-3973 (2d Cir. Jan. 23, 2014), cert. denied, No. 13-8865 (May 5, 2014).

On January 13, 2014, the plaintiff brought another pro se action against the HRA, proceeding IFP. Clark v. Human Res. Admin. (HRA III), No. 14-cv-0321 (S.D.N.Y. filed Jan. 13, 2014), ECF No. 2. In HRA III, the plaintiff again asserted claims under federal law arising from the denial of public benefits or of the full amount of those benefits to which he believed he was entitled. Id. at 3-4. By order dated April 1, 2014, Judge Preska dismissed HRA III sua sponte for failure to state a claim on which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). HRA III, No. 14-cv-0321, ECF No. 4. Judge Preska again dismissed the plaintiff's procedural due process claims under 42 U.S.C § 1983 because the plaintiff did not allege any facts showing that he had fully exhausted state remedies or that those remedies were inadequate or inappropriate, and again dismissed the plaintiff's claims under Title II of the ADA because he did not allege any facts showing that he had been discriminated against because of his disability. Id. Judge Preska also dismissed the plaintiff's claims that he had previously raised under the doctrine of claim preclusion (also known as res judicata) or issue preclusion (also known as collateral estoppel). Id. The plaintiff appealed, and on August 6, 2014, the Second Circuit Court of Appeals

dismissed the appeal as frivolous, and warned the plaintiff as
to the consequences of his "continued filing of duplicative,
vexatious, or clearly meritless appeals, motions, or other
papers," including a possible leave-to-file sanction imposed on
his future appeals. HRA III, No. 14-1390 (2d Cir. Aug. 6, 2014),
cert. denied. No. 14-5858 (Oct. 6, 2014), reh'g denied (Feb. 29,
2016).

The plaintiff sued the HRA yet again on January 21, 2014,
appearing pro se and proceeding IFP. Clark v. Human Res. Admin.
(HRA IV), No. 14-cv-0447 (S.D.N.Y. filed Jan. 21, 2014), ECF No.
2. In HRA IV, the plaintiff again asserted claims under federal
law arising from the denial of his public benefits or the denial
of the full amount of public benefits to which he believed he
was entitled. Id. at 3. By order dated February 14, 2014, Judge
Preska dismissed HRA IV sua sponte for failure to state a claim
on which relief could be granted under 28 U.S.C.
§ 1915(e)(2)(B)(ii). HRA IV, No. 14-cv-0447, ECF No. 3. Judge
Preska dismissed the plaintiff's procedural due process claims
under 42 U.S.C § 1983, and his claims under Title II of the ADA,
for the same reasons that she had dismissed those claims or
similar claims in the plaintiff's previous actions. Id. Judge
Preska warned the plaintiff that "further duplicative litigation
in this Court may result in an order barring Plaintiff from
filing new actions [IFP] without prior permission." Id. at 4.

The plaintiff appealed. On May 30, 2014, the Second Circuit
Court of Appeals dismissed the appeal as frivolous. HRA IV, No.
14-659 (2d Cir. May 30, 2014), cert. denied, No. 14-5568 (Oct.
6, 2014), reh'g denied (Feb. 29, 2016).

On February 7, 2014, the plaintiff filed a pro se action
against the HRA Commissioner, proceeding IFP. Clark v. Comm'r
HRA (HRA V), No. 14-cv-0831 (S.D.N.Y. filed Feb. 7, 2014), ECF
No. 2. The plaintiff asserted claims under federal law in HRA V
arising from the discontinuation of his public benefits. Id. at
3. By order dated April 23, 2014, Judge Preska dismissed HRA V
for failure to state a claim on which relief could be granted
under 28 U.S.C. § 1915(e)(2)(B)(ii). HRA V, No. 14-cv-0831, ECF
No. 4. The order recounted the plaintiff's litigation history
and dismissed the plaintiff's claims under 42 U.S.C § 1983,
Title II of the ADA, and the Rehabilitation Act for the same
reasons she had dismissed those claims or similar claims in the
plaintiff's previous actions. Id. Judge Preska reiterated her
previous warning that "duplicative litigation in this Court may
result in an order barring Plaintiff from filing new actions
[IFP] without prior permission." Id. at 5-6. The plaintiff
appealed. On July 17, 2014, the Second Circuit Court of Appeals
dismissed the appeal as frivolous. HRA V, No. 14-1636 (2d Cir.
July 17, 2014), cert. denied, No. 14-5566 (Oct. 6, 2014), reh'g
denied (Feb. 29, 2016).

3.   **USDOE**

On July 24, 2015, the plaintiff, proceeding IFP, brought a pro se action against the USDOE. Clark v. USDOE (USDOE I), No. 15-cv-5863 (S.D.N.Y. filed July 24, 2015), ECF No. 2. The plaintiff's amended complaint named the USDOE, Allied Interstate, and the Student Loan Finance Corporation as defendants, and asserted claims for violations of the plaintiff's federal constitutional rights and violations of the ADA. USDOE I, No. 15-cv-5863, ECF No. 5. The plaintiff's claims against the USDOE arose from a dispute regarding the payment of student loans; the plaintiff claimed that he had been the victim of identity theft. See id. at 3. After USDOE I was reassigned to Judge McMahon, the Government filed a motion to remand the matter to the USDOE for further administrative proceedings. USDOE I, No. 15-cv-5863, ECF No. 30. By order dated May 11, 2016, Judge McMahon granted the Government's motion. USDOE I, No. 15-cv-5863, ECF No. 45. Judge McMahon noted that the Government had "confessed error – that is, it ha[d] admitted that its examiner made an error of law when considering the plaintiff's application – and ha[d] asked that the case be remanded so that it [could] be reconsidered under the appropriate legal standard." Id. Judge McMahon also noted that "[t]he case may be reopened following receipt of a new agency decision on plaintiff's request for discharge." Id. The

plaintiff appealed. On July 27, 2016, the Second Circuit Court
of Appeals dismissed the appeal for lack of jurisdiction because
a final order had not been issued by the district court. USDOE
I, No. 16-1535 (2d Cir. July 27, 2016). On January 9, 2017, the
Supreme Court of the United States dismissed the plaintiff's
petition for a writ of certiorari. USDOE I, 137 S. Ct. 639
(2017). Finding that the plaintiff had "repeatedly abused this
Court's process," the Supreme Court directed the Clerk "not to
accept any further petitions in noncriminal matters from [the
plaintiff] unless the docketing fee required by Rule 38(a) is
paid and petition submitted in compliance with Rule 33.1." Id.

    On October 12, 2018, the plaintiff filed a fee-paid pro se
action against the Student Loan Finance Corporation ("SLFC").
Clark v. Student Loan Fin. Corp. (USDOE II), No. 18-cv-9354
(S.D.N.Y. filed Oct. 12, 2018), ECF No. 1. He later amended his
complaint to name both the SLFC and the USDOE as defendants.
USDOE II, 18-cv-9354, ECF No. 4. The plaintiff again asserted
claims of identity theft and claims arising from a student loan
debt dispute. See id. at 5-6. The Government filed a motion to
dismiss the plaintiff's claims against the USDOE under Rules
12(b)(1) and (6) of the Federal Rules of Civil Procedure. USDOE
II, No. 18-cv-9354, ECF No. 39. In an opinion and order dated
September 16, 2019, Judge J. Paul Oetken granted the
Government's motion to dismiss, but granted the plaintiff leave

11

to amend his complaint to assert claims against the USDOE under the Administrative Procedure Act ("APA"). USDOE II, No. 18-cv-9354, 2019 WL 4412571 (S.D.N.Y. Sept. 16, 2019). As relevant here, Judge Oetken granted the Government's motion to dismiss for failure to state a claim as to the plaintiff's claims against the USDOE under Title II of the ADA and the Rehabilitation Act because the plaintiff did not allege any facts showing that he was discriminated against because of his disability and because, with respect to the plaintiff's claims under Title II of the ADA, the USDOE is not a public entity for the purpose of liability under that provision. See id. at *3. Judge Oetken understood the plaintiff's constitutional claim against the USDOE as being "a due process claim under the Fifth Amendment . . . that the [USDOE] garnished his Social Security disability payments . . . without due process." Id. at *4. Judge Oetken dismissed those claims because the plaintiff did not show "that he was not provided with adequate written notice of garnishment," and because "the statutory scheme . . . requires only certification to the Department of Treasury that the debt is eligible for collection and all due process protections have been met." Id. Judge Oetken found that "the allegations establish[ed] that Plaintiff was given adequate process." Id. However, in light of the plaintiff's pro se status, and because any claims the plaintiff could have had under the APA would not

have been ripe at the time that he filed the amended complaint,
Judge Oetken granted the plaintiff leave to amend his complaint
to assert claims under the APA. Id. at *5. The plaintiff
appealed. On February 7, 2020, the Second Circuit Court of
Appeals dismissed the appeal as frivolous. USDOE II, No. 19-
3263, 2020 WL 1683441 (2d Cir. Feb. 7, 2020). By order dated
September 18, 2020, Judge Oetken dismissed USDOE II with
prejudice because the plaintiff had not filed an amended
complaint. USDOE II, No. 18-cv-9354, ECF No. 53.

### 4.   OTDA

On October 31, 2018, the plaintiff filed a fee-paid pro se
action against the "State Commissioner of Social Service
Department." Clark v. State Comm'r of Soc. Serv. Dep't (OTDA I),
No. 18-cv-10038 (S.D.N.Y. filed Oct. 31, 2018), ECF No. 1. He
asserted claims arising from the discontinuance of his public
benefits. See id. at 5-10. The "Commissioner" filed a motion
under Rules 12(b)(1) and (6) of the Federal Rules of Civil
Procedure. OTDA I, No. 18-cv-10038, ECF No. 17. By order dated
April 23, 2019, Judge Preska construed OTDA I as brought against
the OTDA and, among other things, granted the OTDA's motion to
dismiss. OTDA I, No. 18-cv-10038, 2019 WL 11637254 (S.D.N.Y.
Apr. 23, 2019). In particular, Judge Preska dismissed OTDA I for
lack of subject matter jurisdiction as barred by the Eleventh
Amendment, and, to the extent that the plaintiff was attempting

13

to appeal final state-court decisions, dismissed such claims under the Rooker-Feldman doctrine. Id. at *2. The plaintiff appealed. On October 23, 2019, the Second Circuit Court of Appeals dismissed the appeal for lack of jurisdiction. OTDA I, No. 19-1823, 2019 WL 11718840 (2d Cir. Oct. 23, 2019), cert. denied, 140 S. Ct. 2513 (2020).

### 5.  SSA

On October 2, 2008, the plaintiff, proceeding IFP, brought a pro se action against the SSA Commissioner. Clark v. Comm'r of Soc. Sec. (SSA I), No. 08-cv-8443 (S.D.N.Y. filed Oct. 2, 2008), ECF No. 2. The plaintiff sought judicial review of the SSA Commissioner's final administrative decisions denying him disability benefits. Id. The Government moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, asking the court to affirm the Commissioner's final administrative decisions and to dismiss the action. SSA I, No. 08-cv-8443, ECF No. 10. By order dated May 11, 2009, Judge Alvin K. Hellerstein granted the Government's motion. SSA I, No. 08-cv-8443, 2009 WL 1309094 (S.D.N.Y. May 11, 2009). The plaintiff appealed. On May 19, 2010, the Second Circuit Court of Appeals vacated the May 11, 2009 dismissal and instructed the district court to remand the matter to the SSA Commissioner. SSA I, No. 09-2974 (2d Cir. May 19, 2010). In a letter filed by the Government on September 6, 2019, the Government updated the

court "that a final judgment remanding the case to the
Commissioner should have been entered but was not. However,
because the matter has since been finally resolved in
Plaintiff's favor, this case is now moot." SSA I, No. 08-cv-
8443, ECF No. 24. The Government noted that, upon remand to the
SSA Commissioner, an administrative law judge issued "a fully
favorable decision" as to the plaintiff's application for Social
Security benefits. Id. The Government advocated for no further
action in the matter. Id. By order dated September 10, 2019,
Judge Hellerstein ordered SSA I closed for the reasons discussed
in the Government's letter. SSA I, No. 08-cv-8443, ECF No. 25.
The plaintiff appealed. On January 15, 2020, the Second Circuit
Court of Appeals dismissed the appeal as frivolous. SSA I, No.
19-2966 (2d Cir. Jan. 15, 2020).

On December 19, 2012, the plaintiff filed a pro se action
IFP against the SSA. Clark v. Soc. Sec. Admin. (SSA II), No. 12-
cv-9274 (S.D.N.Y. filed Dec. 19, 2012), ECF No. 2. By order
dated February 21, 2013, Judge Preska dismissed SSA II sua
sponte because the SSA decision for which the plaintiff was
seeking judicial review was not a final administrative decision.
SSA II, No. 12-cv-9274, ECF No. 5. The plaintiff appealed. On
May 9, 2013, the Second Circuit Court of Appeals vacated the
dismissal and remanded the action to the district court to
determine (1) whether the district court remanded SSA I to the

SSA Commissioner, (2) what agency activity had taken place since the Second Circuit Court of Appeals had ordered remand in SSA I, and (3) whether letters submitted by the plaintiff constituted the Commissioner's final administrative decision. SSA II, No. 13-866 (2d Cir. May 9, 2013). Upon remand, SSA II was reassigned to Judge Hellerstein as related to SSA I. The plaintiff then filed an amended complaint in which he requested Social Security disability benefits. SSA II, No. 12-cv-9274, ECF No. 12. The Government filed a motion to dismiss SSA II under Rules 12(b)(1), 12(b)(6), and 56(a) of the Federal Rules of Civil Procedure, for lack of jurisdiction, failure to state a claim, and alternatively, for summary judgment. SSA II, No. 12-cv-9274, ECF No. 25. By order dated September 3, 2014, Judge Hellerstein granted the Government's motion. SSA II, No. 12-cv-9274, ECF No. 33. Judge Hellerstein found that some of the plaintiff's claims against the SSA were untimely and lacked merit because the plaintiff had received favorable determinations from the SSA, and dismissed other claims for lack of jurisdiction because the plaintiff had not exhausted available administrative remedies. Id. Judge Hellerstein also dismissed the plaintiff's claims under Title II of the ADA and the Rehabilitation Act, because the SSA is not a public entity under the ADA and is therefore not liable under that statute, and because a private right of action for damages was not authorized under the Rehabilitation

Act. Id. Judge Hellerstein also dismissed the plaintiff's equal protection claims for failure to state a claim because the plaintiff did not allege that he was "a victim of selective enforcement or application of the law, or that he was treated differently from others similarly situated on account of an impermissible ground." Id. The plaintiff appealed. On December 29, 2014, the Second Circuit Court of Appeals dismissed the appeal as frivolous. SSA II, No. 14-3500 (2d Cir. Dec. 29, 2014), cert. dismissed, No. 14-8118 (Mar. 23, 2015), reconsideration denied, (Apr. 27, 2015).

### B. The Present Complaint

The Court understands the plaintiff's present complaint as asserting (1) claims for federal constitutional violations under 42 U.S.C. § 1983; (2) claims for disability discrimination under the Fair Housing Act ("FHA"), Title II of the ADA, and the Rehabilitation Act; (3) claims under the APA, the Federal Tort Claims Act ("FTCA"), and the Social Security Act; and (4) claims under state law.

### 1. DMV

As to the DMV, the plaintiff alleges that he "was never given any kind of notice or hearing as to why [his drivers'] license [was] damaged or leaked upon by another party by adding

another line to [his drivers'] license." ECF No. 1-1, at 13-14.[4]

The plaintiff alleges that "[t]he previous judge did not give

the previous defendant time to file an answer and dismissed the

case before the previous defendant could answer[,] which

violates" Rule 4(m) of the Federal Rules of Civil Procedure. Id.

at 14. The plaintiff asserts that under Ex Parte Young, 209 U.S.

123 (1908), "[t]here is an exception to [Eleventh Amendment]

immunity," and that "[t]he exception is [his] gold bars from

[his] estate account [he is] the only legal heir of the estate."

Id. He further alleges that "[e]ven if [Eleventh Amendment]

immunity was implemented[,] the local agency for [the DMV] has

to give [him] notice or hearing stating why [his drivers']

license is damaged without any restrictions labeled on [his]

current license." Id.

### 2.   OTDA Commissioner, HRA, and SSA Commissioner

The plaintiff makes the following allegations as to the

OTDA, the HRA, and the SSA:

> The Commissioner of OTDA/HRA for social services
> discontinued [the plaintiff's] benefits knowing that
> [the plaintiff] had an entitled physical disability.
> [The plaintiff] won [his] hearing for [Supplemental
> Security Income/Social Security Disability Insurance
> ("SSI" and "SSD")] on [July 10, 2012,] which is before
> [his] appointment from HRA for social services work
> requirements and before the OTDA hearing so there should
> not have been any discussion regarding employment
> qualifications. [The plaintiff does not] know the exact
> day the embezzlement started for [his] SSD benefits

---

[4] The Court uses the pagination from ECF when citing to the present complaint.

because the benefits should have started after [he] won
[his] hearing but there are two different dates. One is
the inappropriate date of [October 27, 2006,] in which
[the plaintiff] did not apply on and another date is
[his] [M]edicare care start date which states [October
1, 2008,] which is incorrect. The date should be the
date of [his] hearing[,] which is [July 10, 2012].

Id.

### 3.   **USDOE**

The plaintiff alleges that the USDOE "confessed to an error
and never corrected the error. As you can see from the student
loan interest calculator that the total amount was incorrect but
all debts were paid in 2013[,] a total of **$50,354.90**." Id. at
14-15 (emphasis in original).

### 4.   **NYCHA**

As to NYCHA, the plaintiff alleges that he "was given
assigned case numbers from NYCHA for over fifteen years without
appropriate housing. [The plaintiff is] undomiciled which
violates" Title II of the ADA. Id. at 15 (emphasis in original).

## III. DISCUSSION

The Court will address the plaintiff's claims against each
named defendant separately.

### A.   **NYCHA**

The Court understands the plaintiff's complaint as
asserting claims against NYCHA under the FHA, Title II of the
ADA, the Rehabilitation Act, and 42 U.S.C. § 1983. For the
reasons discussed below, the Court dismisses the plaintiff's

complaint against NYCHA in its entirety, but grants the
plaintiff leave to replead those claims.

1.  **FHA**

The FHA "broadly prohibits discrimination in housing."
Gladstone, Realtors v. Vill. of Bellwood, 441 U.S. 91, 93
(1979). As relevant here, the FHA makes it unlawful to
"discriminate in the . . . rental [of], or to otherwise make
unavailable or deny, a dwelling to any . . . renter because of"
the individual's disability. 42 U.S.C. § 3604(f)(1). The FHA
also prohibits discrimination against "any person in the terms,
conditions, or privileges of sale or rental of a dwelling, or in
the provision of services or facilities in connection with such
a dwelling, because of a [disability]." 42 U.S.C. § 3604(f)(2).

"To demonstrate a disability under the FHA, a plaintiff
must show: (1) 'a physical or mental impairment which
substantially limits one or more . . . major life activities';
(2) 'a record of having such an impairment'; or (3) that he or
she is 'regarded as having such an impairment.'" Rodriguez v.
Vill. Green Realty, Inc., 788 F.3d 31, 40 (2d Cir. 2015)
(quoting 42 U.S.C. § 3602(h)). Generally, to state a claim for
intentional discrimination under the FHA, a plaintiff must
plausibly allege that he (1) was a member of a protected class,
(2) suffered an adverse action, and (3) "has at least minimal
support for the proposition that the housing provider was

motivated by discriminatory intent." <u>Francis v. Kings Park</u>

<u>Manor, Inc.</u>, 992 F.3d 67, 73 (2d Cir. 2021).

Even assuming that the plaintiff has a disability within

the meaning of the FHA,[5] the plaintiff does not allege facts

sufficient to state a claim under the FHA that NYCHA has

intentionally discriminated against him because of his

disability. The plaintiff does not provide any facts showing

that his disability has been a motivating factor with respect to

any adverse action NYCHA has taken against him. He merely

alleges that he is disabled and that he has been waiting for

NYCHA housing for over 15 years. The claim must therefore be

dismissed. However, in light of the plaintiff's <u>pro se</u> status,

the Court grants the plaintiff leave to amend his complaint to

allege facts sufficient to state a claim under the FHA for

disability discrimination. The plaintiff is advised that he must

allege facts showing that he is disabled, and that his

disability was a motivating factor with respect to an adverse

action that NYCHA has taken against him.

    2.   **Title II of the ADA and the Rehabilitation Act**

Title II of the ADA provides that "no qualified individual

with a disability shall, by reason of such disability, be

excluded from participation in or be denied the benefits of the

---

[5] The plaintiff claims to be disabled due to degenerating discs in his spine.
ECF No. 1, at 42-49.

services, programs, or activities of a public entity, or be
subjected to discrimination by any such entity."[6] 42 U.S.C. §
12132. Under the Rehabilitation Act,

> no otherwise qualified individual with a disability in
> the United States . . . shall, solely by reason of her
> or his disability, be excluded from the participation
> in, be denied the benefits of, or be subjected to
> discrimination under any program or activity receiving
> Federal financial assistance or under any program or
> activity conducted by any Executive agency or by the
> United States Postal Service.

29 U.S.C. § 794(a). The definition of "disability" under the ADA
and the definition of an individual with a disability under the
Rehabilitation Act are nearly identical to the definition of
disability under the FHA. See 42 U.S.C. §§ 3602(h) (FHA,
referred to as "handicap"), 12102(1) (ADA); 29 U.S.C. §
705(20)(B) (Rehabilitation Act). Because the standards under
Title II of the ADA and the Rehabilitation Act "are generally
the same and the subtle distinctions between the statutes are
not implicated in this case, [the Court will] treat claims under
the two statutes identically" for the purposes of this order,
except where otherwise noted. See Wright v. N.Y. State Dep't of
Corr., 831 F.3d 64, 72 (2d Cir. 2016).

To state a claim under Title II of the ADA or under the
Rehabilitation Act, the plaintiff must allege that (1) the

---

[6] NYCHA is a public entity for the purpose of Title II of the ADA. See, e.g.,
Sykes v. N.Y.C. Hous. Auth., No. 22-cv-2127, 2022 WL 875902, at *4 n.2
(S.D.N.Y. Mar. 24, 2022).

plaintiff is a qualified individual with a disability; (2) the defendant is subject to the ADA or the Rehabilitation Act; and (3) the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant, by reason of the plaintiff's disability. <u>Shomo v. City of New York</u>, 579 F.3d 176, 185 (2d Cir. 2009). To establish that discrimination occurred "by reason of" the plaintiff's disability, a plaintiff "must demonstrate that disability discrimination was a 'but-for cause of any adverse' action."[7] <u>Watley v. Dep't of Child. & Fams.</u>, No. 3:13-cv-1858, 2019 WL 7067043, at *8 & n.13 (D. Conn. Dec. 23, 2019) (citing <u>Natofsky v. City of New York</u>, 921 F.3d 337, 348 (2d Cir. 2019)), <u>aff'd</u>, 991 F.3d 418 (2d Cir. 2021). Additionally, to establish a violation under the Rehabilitation Act, a plaintiff must show that the defendant is either a federal executive agency, the United States Postal Service, or receives federal funding.[8] <u>Henrietta D. v. Bloomberg</u>, 331 F.3d 261, 272 (2d Cir. 2003); 29 U.S.C. § 794(a).

---

[7] The Second Circuit Court of Appeals has found that but-for causation is required in employment discrimination cases under Title VII of the ADA and the Rehabilitation Act, <u>Natofsky v. City of New York</u>, 921 F.3d 337, 345, 348 (2d Cir. 2019), and there is no statutory language that would apply a lesser causation standard in other ADA and Rehabilitation Act contexts. In any event, however, the plaintiff has not stated a claim even under a lesser causation standard.

[8] NYCHA receives federal funding. <u>Sykes</u>, 2022 WL 875902, at *4 n.4.

As with the plaintiff's claims under the FHA, even assuming that the plaintiff is a qualified individual with a disability for the purpose of Title II of the ADA or the Rehabilitation Act and is therefore subject to the protections of either of those statutes, the plaintiff has alleged no facts showing that he was denied the opportunity to participate in or benefit from NYCHA's services, programs, or activities, or was otherwise discriminated against by NYCHA, by reason of his disability. His claims must therefore be dismissed.

The Court grants the plaintiff leave to amend his complaint to allege facts to state a claim against NYCHA under Title II of the ADA or the Rehabilitation Act. In order to do so, the plaintiff must allege facts showing that he is disabled and that NYCHA discriminated against him by reason of his disability.

### 3.   42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983 against a municipality or other local government entity, the plaintiff must allege facts showing (1) the existence of a municipal or local government entity policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). It is not enough for the plaintiff to allege that an employee or agent of the municipality or other local government entity engaged in some

24

wrongdoing; the plaintiff must show that the municipality or other local government entity _itself_ caused the violation of the plaintiff's rights. Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011).

In this case, the plaintiff alleges no facts showing that a policy, custom, or practice of NYCHA has caused a violation of his federal constitutional rights. The plaintiff has therefore failed to plead a violation under 42 U.S.C. § 1983. However, the Court grants the plaintiff leave to amend his complaint to state a claim under 42 U.S.C. § 1983 against NYCHA.

**B.   DMV**

The plaintiff's claims against the DMV are dismissed in their entirety.

**1.   Claim Preclusion**

Before proceeding to the merits of the plaintiff's claims against the DMV, the Court dismisses any of the plaintiff's claims that the plaintiff has either brought, or could have brought, in DMV I. Under the doctrine of claim preclusion, also known as res judicata, a litigant may not bring a claim in a new civil action that was raised, or could have been raised, in an earlier civil action in which the same parties or their privies were involved, if the original claim resulted in a judgment on the merits. Brown v. Felsen, 442 U.S. 127, 131 (1979). Claim preclusion "prevents parties from raising [claims] that could

have been raised and decided in a prior action – even if they were not actually litigated." Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc., 140 S. Ct. 1589, 1594 (2020). If a litigant files a new civil action and "advances the same claim as an earlier suit between the same parties [or their privies], the earlier suit's judgment prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties [or their privies], regardless of whether they were asserted or determined in the prior proceeding." Id. Claims are treated as the same if they "arise from the same transaction, or involve a common nucleus of operative facts." Cayuga Nation v. Tanner, 6 F.4th 361, 375 (2d Cir. 2021), cert. denied, 142 S. Ct. 775 (2022).

Claim preclusion generally applies if "(1) the prior decision was a final judgment on the merits, (2) the litigants were the same parties [or their privies], (3) the prior court was of competent jurisdiction, and (4) the causes of action were the same." In re Motors Liquidation Co., 943 F.3d 125, 130 (2d Cir. 2019). A "dismissal for failure to state a claim operates as a final judgment on the merits and thus has [claim preclusion] effects." Garcia v. Superintendent of Great Meadow Corr. Facility, 841 F.3d 581, 583 (2d Cir. 2016). The granting of summary judgment is also an adjudication on the merits for the purpose of claim preclusion. Miller v. Austin, No. 20-cv-

1958, 2021 WL 1226770, at *5 (S.D.N.Y. Mar. 31, 2021).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, see Fed. R. Civ. P. 8(c), "courts may consider certain affirmative defenses, such as res judicata . . . sua sponte," see Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of the Lao People's Democratic Republic, 864 F.3d 172, 191 (2d Cir. 2017).

The plaintiff's claims against the DMV in DMV I arose from the dissemination of alleged inaccurate information with respect to the plaintiff's drivers' license. On February 10, 2017, Judge McMahon dismissed DMV I for failure to state a claim on which relief could be granted under 28 U.S.C. 1915(e)(2)(B)(ii). DMV I, 2017 WL 5508456. The Second Circuit Court of Appeals dismissed the plaintiff's appeal of that dismissal as frivolous. Because DMV I was adjudicated on the merits, and because the plaintiff appears to raise in this action at least some claims against the DMV that he raised or could have raised in DMV I, those claims are dismissed under the doctrine of claim preclusion.

### 2.  Issue Preclusion

The Court also dismisses the plaintiff's claims against the DMV under the doctrine of issue preclusion. This doctrine, also known as collateral estoppel, bars relitigation of a specific legal or factual issue in a subsequent proceeding,

> where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

Grieve v. Tamerin, 269 F.3d 149, 153 (2d Cir. 2001). This doctrine "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 108 (2d Cir. 2015); see also Fresh Del Monte Produce Inc., No. 13-cv-8997, 2016 WL 236249, at *5 (S.D.N.Y. Jan. 20, 2016) ("It is issue preclusion, not claim preclusion, which permits an issue of fact or law actually litigated and determined by a valid and final judgment, and essential to the judgment to be conclusive in a subsequent action between the parties, whether on the same or a different claim."). "A previous dismissal for failure to state a claim is a decision made on the merits for the purpose of future applications of issue preclusion." Curcio v. Grossman, No. 22-cv-1648, 2022 WL 767167, at *4 (S.D.N.Y. Mar. 14, 2022). In addition, "[c]laims adjudicated through summary judgment are regarded as final judgments on the merits" for the purpose of issue preclusion, Manbeck v. Micka, 640 F. Supp. 2d 351, 364 (S.D.N.Y. 2009), and a previous dismissal of claims because of

an immunity defense can be the basis for a subsequent dismissal of claims under the doctrine of issue preclusion, Mir v. Kirchmeyer, No. 20-1659, 2021 WL 4484916, at *2 (2d Cir. Oct. 1, 2021). As with claim preclusion, the Court may raise the defense of issue preclusion sua sponte. See Thai-Lao, 864 F.3d at 191.

In DMV I, Judge McMahon dismissed the plaintiff's clams against the DMV as barred under the Eleventh Amendment. DMV I, 2017 WL 5508456, at *2. The Second Circuit Court of Appeals dismissed the plaintiff's appeal of that dismissal as frivolous. In DMV II, Judge Broderick also dismissed the plaintiff's claims against the DMV Commissioner, a privy to the DMV, under the doctrine of Eleventh Amendment immunity. DMV II, 2020 WL 6525467, at *1. The Second Circuit Court of Appeals affirmed that dismissal. In the present complaint, the plaintiff again asserts claims against the DMV. Because the DMV's immunity from suit under the Eleventh Amendment has already been adjudicated by this court, the Court additionally dismisses the plaintiff's claims against the DMV under the doctrine of issue preclusion.[9]

---

[9] To the extent that any of the plaintiff's claims against the DMV remain, these claims must be dismissed as independently barred under the Eleventh Amendment. Moreover, the plaintiff's claims under Title II of the ADA or the Rehabilitation Act must be dismissed for the additional reason that the plaintiff has not alleged any facts showing that the DMV discriminated against him because of his disability.

### C.   Commissioner of the OTDA

The Court must also dismiss the plaintiff's claims against the Commissioner of the OTDA under the doctrine of issue preclusion. In OTDA I, Judge Preska granted the OTDA's motion to dismiss because, among other things, the plaintiff's claims were barred under the Eleventh Amendment. OTDA I, 2019 WL 11637254, at *2. The Second Circuit Court of Appeals dismissed the plaintiff's appeal of that dismissal. The plaintiff cannot now seek relief against the Commissioner of the OTDA, a privy of the OTDA, in his or her official capacity, after Judge Preska determined that the plaintiff could not seek relief from the OTDA because of Eleventh Amendment immunity.[10]

### D.   USDOE

Because the plaintiff asserts claims and issues against the USDOE in this action that he asserted, or could have asserted, in USDOE II, the Court dismisses those claims under the doctrine of claim preclusion or issue preclusion. Judge Oetken previously

---

[10] Moreover, the plaintiff's claims against the Commissioner in his official capacity must be dismissed as independently barred under the Eleventh Amendment. And because the plaintiff seeks damages, not injunctive relief, from the Commissioner, he may not seek relief against the Commissioner under Ex Parte Young. See Exxon Mobil Corp. v. Healy, 28 F.4th 383, 392 (2d Cir. 2022). To the extent that the plaintiff asserts claims for damages under Title II of the ADA or the Rehabilitation Act against the OTDA itself — as opposed to claims against the Commissioner of the OTDA — he has not stated a claim under either statute, because he has not shown that the OTDA discriminated against him because of his disability.

adjudicated the plaintiff's dispute with the USDOE on the merits in USDOE II. See USDOE II, 2019 WL 4412571.[11]

### E.    Commissioner of the SSA

The plaintiff asserts claims and issues against the Commissioner of the SSA in the Commissioner's official capacity that the plaintiff asserted, or could have asserted, in SSA II. The Court therefore dismisses these claims under the doctrine of claim preclusion or issue preclusion, because Judge Hellerstein previously adjudicated the plaintiff's dispute with the SSA on

---

[11] Moreover, the plaintiff's claims for damages against the USDOE, a federal agency, must be dismissed under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against federal agencies, except where sovereign immunity has been waived. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994). The APA provides a limited waiver of sovereign immunity, allowing for judicial review of an agency's final administrative action. But the plaintiff cannot seek relief under the APA because that statute does not allow for damages. See 5 U.S.C. §§ 702, 704; Cnty. of Suffolk v. Sebelius, 605 F.3d 135, 140-41 (2d Cir. 2010). The Rehabilitation Act provides a waiver of sovereign immunity as to claims against a federal executive agency for damages, but this waiver is limited to claims against an agency that is considered a federal provider of financial assistance and is therefore inapplicable. Lane v. Pena, 518 U.S. 187, 193 (1996). The FTCA provides another waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. See 28 U.S.C. § 1346(b)(1). However, its waiver of sovereign immunity does not include claims for libel or slander against the federal government for damages. 28 U.S.C. § 2680(h).

To the extent that the plaintiff asserts claims against the USDOE under the Rehabilitation Act that are not precluded by the doctrines of claim preclusion, issue preclusion, or sovereign immunity, those claims must be dismissed. The plaintiff has failed to state a claim against the USDOE under the Rehabilitation Act because he has not alleged any facts showing that the USDOE discriminated against him because of his disability. To the extent that any claims under the FTCA remain, these claims are dismissed for failure to exhaust administrative remedies. A claimant must first exhaust his administrative remedies before bringing an FTCA claim. See 28 U.S.C. § 2675(a). This exhaustion requirement is jurisdictional and cannot be waived. Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005).

the merits in SSA II. SSA II, No. 12-cv-9274, ECF No. 33, appeal
dismissed as frivolous, No. 14-3500 (2d Cir. Dec. 29, 2014),
cert. dismissed under S.Ct. R. 39.8, No. 14-8118 (Mar. 23,
2015), reconsideration denied, (Apr. 27, 2015).[12]

### F.   Commissioner of the NYCDSS

Finally, because the plaintiff asserts claims against the
Commissioner of the NYCDSS in his or her official capacity that
were adjudicated, or could have been adjudicated, in HRA I
through HRA V, the Court dismisses the plaintiff's claims
against the Commissioner of the NYCDSS under the doctrine of
claim preclusion or issue preclusion.[13]

### CONCLUSION

The Court dismisses this action for the reasons discussed
above, but grants the plaintiff 30 days' leave to replead his
claims against NYCHA in an amended complaint.

If the plaintiff does not file an amended complaint within
the time allowed, the Court will dismiss this action; the Court

---

[12] Moreover, the plaintiff's discrimination claims against the Commissioner
fail to state a claim because the plaintiff has not alleged any facts showing
that the SSA discriminated against him because of his disability. The Court
also dismisses any claims that the plaintiff asserts against the Commissioner
of the SSA under the waiver of sovereign immunity in the Social Security Act,
42 U.S.C. § 405(g), (h), in which the plaintiff seeks judicial review of any
decision that was not "fully favorable," because the plaintiff has alleged no
facts showing that he exhausted the available administrative remedies or that
this requirement has been waived. See Haddock v. Comm'r of Soc. Sec., No. 20-
cv-1064, 2020 WL 3104051, at *1-2 (E.D.N.Y. June 11, 2020). The Court
additionally dismisses the plaintiff's claims against the Commissioner of the
SSA under the APA and the FTCA for the same reasons that the Court dismissed
the plaintiff's claims against the USDOE under those statutes.

[13] Additionally, the Commissioner of the NYCDSS, when sued in his or her

will dismiss the plaintiff's claims under federal law for the reasons discussed in this Order, and the Court will decline to exercise its supplemental jurisdiction over the plaintiff's claims under state law. See 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Dated: May 9, 2022**
      **New York, New York**

                                    _____
                                          JOHN G. KOELTL
                                    **United States District Judge**

---

official capacity, is not a suable defendant; the proper defendant is the City of New York. See Coon v. Town of Springfield, Vt., 404 F.3d 683, 687 (2d Cir. 2005) ("[A] § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself."). With respect to any claims under 42 U.S.C. § 1983 that the plaintiff asserts against the City of New York that are not precluded by the doctrine of claim preclusion or issue preclusion, the plaintiff alleges no facts showing that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. And to the extent that the plaintiff asserts claims under Title II of the ADA or the Rehabilitation Act that are not precluded by his previous litigations, he alleges no facts showing that the City of New York discriminated against him because of his disability.